JS 44 (Rev. 07/16) FLSD Revised 07/01/2016

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** TOMORROW BLACK-BROWN

**DEFENDANTS** TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP

**(b)** County of Residence of First Listed Plaintiff Leon County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Morgan & Morgan, P.A.,
201 N. Franklin St., 7th floor,

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 740 Railway Labor Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☒ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **SOCIAL SECURITY** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 861 HIA (1395ff) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | ☐ 862 Black Lung (923) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 864 SSID Title XVI | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 865 RSI (405(g)) | |
| | | ☐ 550 Civil Rights | **FEDERAL TAX SUITS** | |
| | | ☐ 555 Prison Condition | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION** | | |
| | | ☐ 462 Naturalization Application | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☒ 3 Re-filed (See VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation Transfer   ☐ 7 Appeal to District Judge from Magistrate Judgment   ☐ 8 Multidistrict Litigation – Direct File   ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions): a) Re-filed Case ☒ YES ☐ NO   b) Related Cases ☐ YES ☒ NO

JUDGE: Ursula Ungaro   DOCKET NUMBER: 1:16-cv-21024-UU

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. §§ 227

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 5,000,000.00   CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE August 22, 2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   IFP_____   JUDGE_____   MAG JUDGE_____

JS 44  (Rev. 07/16) FLSD Revised 07/01/2016

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.**     **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.**     **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.                Example: U.S. Civil Statute: 47 USC 553
                Brief Description: Unauthorized reception of cable service

**VIII.**     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TOMORROW BLACK-BROWN,
on behalf of herself and all others
similarly situated,                                    CASE NO.: _____

        Plaintiff,

v.

TERMINIX INTERNATIONAL
COMPANY LIMITED PARTNERSHIP,

        Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Tomorrow Black-Brown ("**Plaintiff**"), individually and on behalf of all others similarly situated, sues Defendant Terminix International Company Limited Partnership ("**Terminix**" or "**Defendant**"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("**TCPA**"), and alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the illegal conduct of Defendant in negligently or knowingly and/or willfully placing calls to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the TCPA.

1

## JURISDICTION AND VENUE

2.   This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the TCPA, which is a law of the United States.  This Court also has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds $5,000,000.00, as each putative Class Member is entitled to $500.00 per call negligently placed in violation of the TCPA, or $1,500.00 per call knowingly and/or willingly placed in violation of the TCPA, exclusive of attorneys' fees, pre-judgment interest, and costs.

3.   Under 28 U.S.C. § 1391, venue is proper in the Southern District of Florida (Miami Division) because Defendant conducts business in this District, and has intentionally availed itself of the laws and markets within this District.

## PARTIES

4.   Plaintiff, Tomorrow Black-Brown, is and was at all times relevant to this matter a resident of the state of Florida.

5.   Defendant, Terminix International Company Limited Partnership, is a Delaware corporation.   At all times relevant to this matter, Defendant was a citizen of the state of Tennessee with a principal place of business in Memphis, Tennessee.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq.*

6.   The TCPA was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

7.   Section 227(b)(1)(A)(iii) bans the use of an autodialer to place telephone calls to cellular telephones unless the consumer has provided prior written consent to receive such calls, or the calls are placed for emergency purposes.

8.  The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S. Ct., 740, 745, 181, L. Ed. 2d 881 (2012).

9.  "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## NATURE OF THE ACTION

10. Terminix is one of the largest residential and commercial pest control companies in the world, operating in 47 states throughout the United States. Its services include, but are not limited to, protection against and the treatment of insects, termites, mosquitos and bed bugs.

11. Terminix is a wholly owned subsidiary of ServiceMaster.

12. Terminix offers residential consumers a variety of renewable annual protection plans. In an effort to increase its bottom line and garner market share in the pest control industry, Defendant engaged in a systemic marketing campaign involving artificial or prerecorded voice calls – commonly known as "robocalls" – to consumers' cellular telephone numbers regarding the sale of Terminix services and/or the renewal of Terminix annual protection plans. However, Defendant did not obtain prior written express consent for these calls. Instead, Defendant queried its database of telephone numbers for consumers who may have previously purchased pest control services or annual protection plans from Terminix and placed autodialed calls to the cellular telephone numbers of these consumers, many of whom do not use Terminix services

3

and/or have not purchased a Terminix renewable annual protection plan. As a result, many consumers received the above-described autodialed calls to their cellular telephone numbers from Defendant, despite the fact that they did not provide prior express consent and/or have no business relationship with Defendant.

13. Defendant's robocalls did not provide consumers the opportunity to opt out of or request the cessation of Defendant's calls. However, even when consumers attempted to opt-out by answering Defendant's calls, Defendant ignored these requests and continued placing the illicit autodialed calls.

14. As a result of the calls described above, Plaintiff and putative Class Members suffered an invasion of privacy, as well as particularized and concrete injuries, including the inducement of stress, anxiety, nervousness, embarrassment, distress, and aggravation. Plaintiff and putative Class Members also suffered out-of-pocket losses, including the monies paid to their wireless carriers for the receipt of such calls. Additionally, due to both the answered and unanswered calls placed by Defendant, Plaintiff and putative Class Members suffered the expenditure of their time, exhaustion of their cellular telephone batteries, unavailability of their cellular telephones while Defendant's calls were incoming, and trespass upon their respective chattels. All of the above-mentioned injuries were caused by, and/or directly related to, Defendant's placement of calls to Plaintiff and putative Class Members by using an ATDS to call their cellular telephone numbers.

15. Defendant repeatedly made, or caused to be made, unsolicited calls to consumers' cellular telephone numbers using an autodialer, in violation of the TCPA.

16. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited cellular telephone calls and an award

of statutory damages and actual damages to putative Class Members under the TCPA, together with costs and reasonable attorneys' fees.

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. At all relevant times, Plaintiff was an individual residing in the state of Florida.  She is a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff has been a Verizon Wireless subscriber and holder of her cellular telephone number, (850) XXX-3795, since 2010.

19. Between August and December, 2015, Defendant placed nineteen (19) calls to Plaintiff's cellular telephone number.  Specifically, Defendant placed calls to Plaintiff's cellular telephone number on August 26, 27, 29 and 31, 2015; September 1, 24, 25, 28 and 29, 2015; October 1, 2015; November 3, 5, 11, 13, 18, 20, 24 and 25, 2015; and December 7, 2015.  The calls, which originated from telephone number (251) 340-8818, identified an intended recipient who is unknown to Plaintiff and used an artificial or prerecorded voice regarding Terminix pest control services.

20. All of the calls placed by Defendant to Plaintiff's cellular telephone number were made using an ATDS, which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice and to dial such numbers, as specified by 47 U.S.C § 227(a)(1).

21. Defendant's prerecorded messages, as received by Plaintiff, did not provide her the opportunity to opt out of or request the cessation of Defendant's autodialed calls.

22. Plaintiff has never purchased pest control services from Defendant or otherwise conducted business with Defendant.

23. Plaintiff did not provide her cellular telephone number to Defendant, nor did she ever provide prior express consent for Defendant to call her cellular telephone number regarding pest control services or any other subject matter.

24. On or around December 2, 2015, Plaintiff's husband, Patrick Brown ("**Mr. Brown**"), placed a call to Defendant at (866) 959-4972 to request that Defendant cease calling Plaintiff's cellular telephone number. Mr. Brown placed this call from his cellular telephone number, (850) XXX-3997. During this call, Mr. Brown informed a Terminix employee that Plaintiff was not the intended recipient of the autodialed calls, and that he and Plaintiff did not know the intended recipient of the calls. Mr. Brown also asked Defendant to stop calling Plaintiff's cellular telephone number. A Terminix employee assured Mr. Brown that the calls would stop.

25. Despite Defendant's assurances to the contrary, Defendant continued to place autodialed calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number regarding pest control services.

26. On or around December 7, 2015, Plaintiff answered one of Defendant's calls to her cellular telephone number. During this call, she reiterated to a Terminix employee that she was not the intended recipient of Defendant's calls and requested that Defendant cease calling her cellular telephone number. The Terminix employee assured Plaintiff that the calls would stop.

27. On or around December 15, 2015, Mr. Brown placed another call to Defendant at (251) 340-8810 and reiterated to a Terminix employee that Plaintiff was not the intended recipient of the autodialed calls, and that he and Plaintiff did not know the intended recipient of the calls. Mr. Brown placed this call from his cellular telephone number, (850) XXX-3997. He asked Defendant to stop calling Plaintiff's cellular telephone number. Defendant assured Mr. Brown that the calls would stop.

28. Plaintiff suffered particularized and concrete injuries as a result of the above-described autodialed calls.   These injuries include: invasion of privacy, and the inducement of stress, anxiety, nervousness, embarrassment, distress, and aggravation.   Plaintiff also suffered out-of-pocket losses, including the monies paid to her wireless carrier for the receipt of Defendant's calls.   Additionally, due to both the answered and unanswered calls placed by Defendant, Plaintiff suffered the expenditure of her time, exhaustion of her cellular telephone battery, unavailability of her cellular telephone while Defendant's calls were incoming, and trespass upon her chattel.

29.   The telephone number Defendant used to contact Plaintiff via an automatic telephone-dialing system was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

30. The pertinent calls were not placed for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

31. Defendant's placement of calls using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

32. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4) and as detailed in the individual counts below, Plaintiff brings this action on behalf of herself and all others similarly situated.   Specifically, Plaintiff seeks to represent the following persons ("**the Class**" or "**Class Members**"):

> All persons in the United States who, between August 22, 2012 and the present, (1) received a non-emergency call to their cellular telephone numbers; (2) through the use of an automatic telephone dialing system or an

artificial or prerecorded voice; (3) from Defendant; (4) regarding pest control services.

The Class definition is subject to amendment as needed.

33. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staffs, and Plaintiff's counsel.  Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress.  Members of the above-defined Class can be easily identified through Defendant's records.

## Numerosity

34. At the time of filing, Plaintiff does not know the exact number of putative Class Members.  According to its website, Terminix services more than 2.8 million residential and commercial customers in 47 states.  The volume of Terminix customers and locations affirms that putative Class Members likely number in the thousands or hundreds of thousands, and are geographically disbursed throughout the United States.  Moreover, the number of putative Class Members can be determined from the business records maintained by Terminix.

35. The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all putative Class Members impracticable or impossible.

## Predominance of Common Questions of Law and Fact

36. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members.  The common legal and factual questions include at least the following:

      a.  whether Defendant used an automatic telephone-dialing system to place calls to cellular telephones;

8

b.  whether between August 22, 2012 and the present, Defendant used an automatic telephone-dialing system to place calls to the cellular telephones of Plaintiff and putative Class Members;

c.  whether between August 22, 2012 and the present, Defendant used an artificial or prerecorded voice in connection with its placement of autodialed calls to the cellular telephones of Plaintiff and putative Class Members;

d.  whether Defendant is subject to the TCPA;

e.  whether Defendant can show that it obtained prior express consent from Plaintiff and putative Class Members to place calls to their cellular telephones using an automatic telephone-dialing system;

f.  whether Defendant's conduct violates the TCPA;

g.  whether Defendant's conduct was negligent;

h.  whether Defendant's conduct was knowing and/or willful;

i.  whether Defendant is liable for damages, and the amount of such damages;

j.  whether Plaintiff and putative Class Members are entitled to declaratory relief;

k.  whether Defendant should be enjoined from engaging in such conduct in the future; and

l.  whether Plaintiff and putative Class Members are entitled to any other remedy.

9

**Typicality**

37. Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and putative Class Members have been injured by Defendant's uniform misconduct – the placement of calls to cellular telephone numbers for non-emergency purposes using an automatic telephone-dialing system without prior express consent.

38. Like Plaintiff, putative Class Members suffered particularized and concrete injuries as a result of the above-described autodialed calls, including: an invasion of privacy and the inducement of stress, anxiety, nervousness, embarrassment, distress and aggravation.   Like Plaintiff, putative Class Members also suffered out-of-pocket losses, including the monies paid to their wireless carriers for the receipt of such calls.  Additionally, due to both the answered and unanswered calls placed by Defendant, Plaintiff and putative Class Members suffered the expenditure of their time, exhaustion of their cellular telephone batteries, unavailability of their cellular telephones while Defendant's calls were incoming, and trespass upon their respective chattels.

39. Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members.  Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

**Adequacy**

40. Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations.  Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the putative Class.

## Superiority

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Individual joinder of all putative Class Members' claims is impracticable or impossible for at least the following reasons:

    a.  The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

    b.  Absent a Class, the putative Class Members will continue to suffer damage and Defendant's violations of the TCPA will continue without remedy;

    c.  Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts. Comparatively, the class action device provides economies of scale and allows putative Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e.   When the liability of Defendant has been adjudicated, claims of all putative Class Members can be administered efficiently and determined uniformly by the Court;

f.   No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and putative Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

g.   The litigation and trial of Plaintiff's claims are manageable;

h.   Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the putative Class by placing calls to their cellular telephones for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the putative Class; and

i.   Because Plaintiff seeks injunctive relief and corresponding declaratory and equitable relief for the entire putative Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant.  Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action.  As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other putative Class Members who are not parties to the adjudication and may impair or

12

impede their ability to protect their respective interests.  Consequently, class treatment is a superior method for adjudication of the issues in this case.

**CAUSES OF ACTION**

**COUNT I**
**Negligent Violation of the Telephone Consumer Protection Act**
**47  U.S.C. §§ 227, *et seq.***

42. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 41.

43. Without prior express consent, Defendant placed calls for non-emergency purposes to the cellular telephones of Plaintiff and putative Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called, and using an artificial or prerecorded voice.

44. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

45. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and putative Class Members are entitled to an award of actual damages and $500.00 in statutory damages for each and every non-emergency call placed in violation of the TCPA.

46. Plaintiff and putative Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

47. Plaintiff and putative Class Members are also entitled to an award of litigation costs and expenses.

13

## COUNT II
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

48. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 41.

49. Without prior express consent, Defendant placed calls for non-emergency purposes to the cellular telephone numbers of Plaintiff and putative Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called, and using an artificial or prerecorded voice.

50. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq.*

51. Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and putative Class Members are entitled to an award of actual damages and $1,500.00 in statutory damages for each and every non-emergency call placed in violation of the statute.

52. Plaintiff and putative Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

53. Plaintiff and putative Class Members are also entitled to an award of litigation costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A.    $500.00 in statutory damages for each and every call negligently placed by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

14

B.      $1,500.00 in statutory damages for each and every call willfully placed by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C.      An award of actual damages resulting from Defendant's violations of the TCPA;

D.      Injunctive relief prohibiting future violations of the TCPA;

E.      An award of litigation costs and expenses to Plaintiff's counsel;

F.      An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

G.      Any additional relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

Dated:  August 22, 2016                        Respectfully submitted,

                                               **MORGAN & MORGAN**
                                               **COMPLEX LITIGATION GROUP**

                                               */s/ Jonathan B. Cohen*
                                               Jonathan B. Cohen (Florida Bar No. 0027620)
                                               John A. Yanchunis (Florida Bar No. 324681)
                                               201 N. Franklin St., 7th Floor
                                               Tampa, FL 33602
                                               Telephone: (813) 223-5505
                                               Facsimile: (813) 222-2434
                                               jcohen@forthepeople.com
                                               jyanchunis@forthepeople.com

                                               and

                                               **MORGAN & MORGAN, P.A.**
                                               Tav Gomez (Florida Bar No. 0338620)
                                               201 N. Franklin St., 7th Floor
                                               Tampa, FL 33602
                                               Telephone: (813) 225-6745

15

tgomez@forthepeople.com

*Attorneys for Plaintiff*