# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| TOMORROW BLACK-BROWN<br>on behalf of herself and all others similarly<br>situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No. 1:16-cv-23607-AOR |
| vs. | ) <br> ) | |
| TERMINIX INTERNATIONAL COMPANY<br>LIMITED PARTNERSHIP, | ) <br> ) <br> ) | |
| Defendant. | ) | |

**<u>SETTLEMENT AGREEMENT AND RELEASE</u>**

## TABLE OF CONTENTS

I.      PREAMBLE ....................................................................................................................1

II.     DEFINITIONS..............................................................................................................2

III.    NAMED PLAINTIFF'S VIEW OF BENEFITS OF SETTLEMENT ..............................7

IV.    DENIAL OF WRONGDOING OR LIABILITY .........................................................7

V.     PAYMENTS TO THE SETTLEMENT CLASS................................................................8

VI.    SERVICE AWARD.........................................................................................................8

VII.   TERMINIX'S BUSINESS PRACTICES ..........................................................................9

VIII.  ATTORNEYS' FEES ...................................................................................................9

IX.    IMPLEMENTATION OF THE SETTLEMENT ............................................................11

X.     CLAIMS PROCESS .....................................................................................................17

XI.    SETTLEMENT ADMINISTRATION. ........................................................................19

XII.   RELEASE AND DISMISSAL OF CLAIMS ..................................................................20

XIII.  ENFORCEMENT AND TERMINATION....................................................................20

XIV.  MISCELLANEOUS PROVISIONS...............................................................................22

This Settlement Agreement and Release ("Agreement") is entered into as of this 12th day of July, 2017 by and among named plaintiff Tomorrow Black–Brown (the "Named Plaintiff"), individually and as representative of the Class, and defendant Terminix International Company Limited Partnership ("Terminix"), by and through their attorneys. The Named Plaintiff and Terminix are referred to collectively as "Parties."

## I.     PREAMBLE

WHEREAS, on August 22, 2016, Named Plaintiff's Counsel filed the above-captioned action (the "Action") in the United States District Court for the Southern District of Florida;

WHEREAS, the Action is a putative nationwide class action that alleges Terminix violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making phone calls to cell phone numbers using an autodialer and/or prerecorded voice without prior express consent;

WHEREAS, Terminix has vigorously denied, and continues to vigorously deny, any wrongdoing and any liability based on the allegations contained in the Complaint filed in the Action;

WHEREAS, in an effort to facilitate settlement discussions, the Parties retained a private mediator, Roger C. Benson, who is located in St. Petersburg, Florida and has substantial experience mediating complex cases, including putative class action lawsuits, in an attempt to mediate a resolution of the Action;

WHEREAS, in connection with the mediation efforts, the Parties submitted mediation briefs and provided factual information to the Mediator;

WHEREAS, counsel for the Parties participated in a full-day in-person mediation session with Mr. Benson with Named Plaintiff and representatives from Terminix attending telephonically on April 3, 2017, and also separately communicated with the Mediator and with

1

each other on other occasions, during which mediation sessions and communications the Parties engaged in extensive discussions about the proposed terms of settlement;

WHEREAS, the settlement reduced to writing in this Agreement was negotiated extensively among the Parties in good faith, at arm's length and free of collusion; and

NOW THEREFORE, it is agreed, by and among the undersigned, that this Action shall be settled and dismissed on the merits, without costs to the Named Plaintiff or Terminix (except as expressly hereinafter provided), subject to the approval of the Court on the terms and conditions outlined herein.

## II.    DEFINITIONS

As used herein, the following terms shall have the respective meanings specified, which shall be equally applicable to both the singular and plural forms:

2.1     "Action" means the litigation captioned *Black–Brown v. Terminix International Company Limited Partnership*, No. 1-13-CV-3957 (S.D. Fla.) (M.J. Otazo-Reyes).

2.2     "Administration Costs" shall mean (1) all costs and expenses associated with creating the Class List (as described in Paragraph 9.8); (2) all costs and expenses associated with the production and dissemination of the Class Notice; (3) all costs and expenses of the Settlement Administrator; and (4) any other cost or expense associated with the Settlement of this Litigation.

2.3     "Attorneys' Fees" means reasonable attorneys' fees, costs and expenses to be paid to Named Plaintiff's Counsel for all of their past, present, and future work, efforts, and expenditures in connection with this Action.

2.4     "Business Day" means any day that is not a Saturday, Sunday, or any day declared a federal holiday by the President or Congress.

2.5     "Claimant" means a Settlement Class Member who submits a valid and timely Claim Form.

2.6     "Claim" means any and all claims, demands, debts, rights, causes of action, suits, actions, damages, costs, expenses, compensation, requests for compensation, restitution, repayment or reimbursement, obligations, liabilities, penalties, attorneys' fees, or losses in law or equity, of whatever kind or nature, whether or not known, ripe, or mature.

2.7     "Claim Form" shall mean the form, as approved by the Court, that Settlement Class Members are required to complete to receive Settlement Compensation, and identical in all material respects to that attached hereto as Exhibit A-3.  The Claim Form will include a written and signed certification that the claimant received an autodialed or prerecorded payment or debt-collection call to the claimant's cellular telephone number from or on behalf of Terminix without providing consent.

2.8     "Class" means all Persons who received an autodialed payment and/or debt-collection call within the United States to their cellular telephone number from Terminix or some person on its behalf on or after August 22, 2012 through the date of the Court's Preliminary Approval Order without providing consent to receive such calls who are on the Class List.

2.9     "Class List" means the list of potential Class Members that will be created using the process set forth in Paragraph 9.8.

2.10    "Class Member" means any Person that is a member of the Class.  For the avoidance of doubt, Named Plaintiff is a Class Member.

2.11    "Class Notice" means the notice, as approved by the Court, to be provided to the individuals included on the Class List in the form attached as Exhibit A-3, or in a form that

otherwise may be expressly agreed to hereafter by Defendant's Counsel and Named Plaintiffs' Counsel and approved by the Court.

2.12    "Class Period" means the period beginning on August 22, 2012 up to and including the date on which a Preliminary Approval Order is issued.

2.13    "Complaint" means the complaint filed by Named Plaintiff on August 22, 2016, thereby commencing the Action.

2.14    "Court" means the United States District Court for the Southern District of Florida, Miami Division, and any appellate court reviewing the orders, judgments, or rulings thereof.

2.15    "Day" or "day" means calendar day unless identified as "Business Day."

2.16    "Effective Date" means the last possible date on which the time for filing an appeal expires without any appeal being filed from a Final Judgment and Order of the Court approving the Settlement.  In the event that one or more such appeal(s) from such a final decision of the Court is timely brought, the Effective Date will be the date on which such appeal(s) are finally resolved in favor of upholding the Settlement without any modification, except any downward adjustment in Attorneys' Fees or Incentive Award that may be ordered by the Court or an appellate court, and without any possibility of remand to the Court or a further appeal to, or any discretionary review by, any court superior to the Court.

2.17    "Fairness Hearing" shall mean the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement should receive Final Approval by the Court.

2.18    "Final Approval" means the entry of the Final Judgment and Order.

2.19    "Final Judgment and Order" means a final order entered by the Court after the Fairness Hearing, identical in all material respects to that attached hereto as Exhibit A-1, granting its approval of the Settlement, or in a form that otherwise may be agreed to hereafter by the Parties and approved and entered by the Court.

2.20    "Service Award" shall have the meaning ascribed to it in Paragraph 6.1 hereof.

2.21    "Mediator" means Roger C. Benson.

2.22    "Named Plaintiff" means Tomorrow Black-Brown.

2.23    "Named Plaintiff's Counsel" means Jonathan Cohen and John Yanchunis of Morgan & Morgan Complex Litigation Group, together with any successor, replacement, or additional counsel.

2.24    "Opt-Out List" means the complete, final, and accurate list of all properly submitted exclusion requests received by Named Plaintiff's Counsel and provided to Terminix's Counsel pursuant to Paragraph 9.13 hereof.

2.25    "Parties" means Named Plaintiff and Terminix, collectively.

2.26    "Person" means any natural person, any legal entity, including a limited or general partnership, a corporation, a limited liability company, an association, a joint stock company, a trust, a joint venture, sole proprietorship, an unincorporated organization, any other form of legal entity, and/or any governmental body (including any department, agency, commission, authority, administration, or political subdivision thereof), whether federal, state, local, or other.

2.27    "Plaintiffs" means all Class Members.

2.28    "Preliminary Approval Order" means an order entered by the Court preliminarily approving the Settlement, identical in all material respects to that attached hereto as Exhibit A-2.

2.29    "Released Claims" means any and all Claims set forth in Section XII hereof.

2.30    "Released Parties" means Terminix and The ServiceMaster Company LLC, as well as their direct or indirect subsidiaries, divisions, partners, limited partners, owners, investors, holding companies, parents, affiliates (regardless of the form of the legal entity, e.g., corporation, limited liability company, general or limited partnership), including their predecessors and successors, and their present and former officers, directors, employees, principals, agents, attorneys, and/or any other Person for which any of these Persons shall have a direct or indirect interest, or for which they may otherwise be responsible, as of any given date.

2.31    "Releases" means collectively the Released Claims.

2.32    "Settlement" means the overall terms and conditions of the Parties' agreed upon settlement resolving the Action, as reflected and embodied in this Agreement.

2.33    "Settlement Administrator" means Angeion Group.

2.34    "Settlement Class" means all Class Members who do not opt out of this Settlement in a timely and valid manner in accordance with the procedures set forth in Paragraph 9.13.

2.35    "Settlement Class Member" means the Named Plaintiff and any Person who is a member of the Settlement Class.

2.36    "Settlement Compensation" means $60.

2.37    "Suit" means any lawsuit, suit, action, proceeding, litigation, legal representation or complaint brought or pending in any federal, state, administrative, judicial, arbitral, or other forum, whether direct, derivative, or representational.

2.38    "TCPA" means the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

2.39    "Terminix" means Terminix International Company Limited Partnership, and all of its parents, affiliates, and subsidiaries at any point during the Class Period.

2.40    "Terminix's Counsel" means the law firms of Harrison Law LLC and Bradley Arant Boult Cummings LLP, together with any successor, replacement, or additional counsel.

## III.    NAMED PLAINTIFF'S VIEW OF BENEFITS OF SETTLEMENT

3.1    The Named Plaintiff and Named Plaintiff's Counsel believe the Claim asserted in the Action has merit.  However, the Named Plaintiff and Named Plaintiff's Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Terminix through trial and through appeals.  Named Plaintiff and Named Plaintiff's Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in a complex action such as this Action, as well as the difficulties and delays inherent in such litigation.  Named Plaintiff's Counsel are also mindful of the inherent problems of proof and possible defenses to the Claim asserted in the Action.  Based on their evaluation, Named Plaintiff's Counsel have determined that the Class relief and Releases set forth herein are fair, reasonable, and adequate, and that Settlement confers substantial benefits on and is in the best interests of the Class.

## IV.    DENIAL OF WRONGDOING OR LIABILITY

4.1    This Agreement constitutes the resolution of disputed claims and is for settlement purposes only.  Terminix denies it has violated any law; denies that it has violated the TCPA as to the Named Plaintiff or the Class Members (or anyone else); denies any liability to the Named Plaintiff or the Class Members (or anyone else); and denies all the allegations of wrongdoing recited in the Complaint.

4.2    Notwithstanding anything else herein, neither the fact of, nor any provision contained herein, nor any action taken hereunder, shall constitute or be construed as an

admission of any liability or wrongdoing, or recognition of the validity of any allegation of fact or contention of law made by Named Plaintiff in this Action or in any other Suit.

4.3     This Agreement, and statements made in negotiating this Settlement, and any actions taken by Terminix hereunder, shall not be offered or be admissible in evidence or used in any fashion against any Released Party in any Suit for any purpose, except in a Suit pursuant to Paragraph 13.1 seeking an order from the Court finding that Terminix is in material breach of its commitments hereunder.  Nothing herein shall be construed to preclude the Released Parties from offering this Agreement and the Releases in defense of any Claims, including Suits brought by Class Members, at any time.

## V.      PAYMENTS TO THE SETTLEMENT CLASS

In consideration for the full, complete, irrevocable, and final Settlement of this Action and in consideration for dismissal of this Action with prejudice and in consideration for the Releases contained herein, Terminix will provide Settlement Compensation to each Settlement Class Member who submits a timely and valid Claim Form.

## VI.     SERVICE AWARD

6.1     Named Plaintiff may seek a service award ("Service Award") only by making a timely and appropriate written request to the Court and obtaining the Court's approval for such an award as reflected in a signed and dated order by the Court.  Any Service Award shall be subject to the Court's review and approval.  If the request to the Court seeking a Service Award by or on behalf of Named Plaintiff seeks an award of no more than a total gross amount of $5,000, Terminix agrees not to object to such request.  If the request to the Court seeking a Service Award by or on behalf of Named Plaintiff seeks an award greater than the total gross amount of $5,000, Terminix may, in its sole discretion, object to all or any part of such request as it deems appropriate.  The Parties recognize that the Court has ultimate authority to approve or

disapprove any Service Award.  Because this Settlement is for the benefit of the Settlement

Class, however, the Parties further agree that any downward adjustment in a Service Award that

may be ordered by the Court, or the amount of any Service Award ultimately awarded to the

Named Plaintiff, will not be a basis or reason for terminating the Settlement under any provision

hereof.  Notwithstanding any other provision of this Agreement to the contrary, the procedure for

and the allowance or disallowance (in whole or in part) by the Court of any Service Award are to

be considered by the Court separately from its consideration of the fairness, reasonableness, and

adequacy of the Agreement.

6.2     Any Service Award approved by the Court shall be paid by Terminix within thirty

(30) days of the Effective Date.  Named Plaintiff, at her individual election, may choose to have

Terminix direct any Service Award to a charity of her choice, in which case such amount shall be

treated as a charitable contribution by Terminix on behalf of Named Plaintiff.

## VII.   TERMINIX'S BUSINESS PRACTICES

7.1     Terminix agrees to review and update, if necessary, its company policies and

procedures regarding the processing of any Person's express notification of a wrong number in

response to a debt-collection call from Terminix.  Terminix further agrees to provide TCPA

training regarding such policies and procedures to all newly hired employees involved in making

debt-collection phone calls, and to provide TCPA training on these procedures to all current

employees involved in such work at their next regularly-scheduled compliance training.

## VIII.  ATTORNEYS' FEES

8.1     Named Plaintiff's Counsel may seek an award of Attorneys' Fees only by making

a timely and appropriate application to the Court and obtaining the Court's approval for such an

award as reflected in a signed and dated order entered by the Court.  Any award of Attorneys'

Fees, in any and all amounts, shall be subject to the Court's review and approval.  If the

application to the Court seeking Attorneys' Fees by or on behalf of Named Plaintiff or Named

Plaintiff's Counsel requests Attorneys' Fees in an amount less than or equal to $295,000,

Terminix agrees not to object to such application.  The Parties recognize that the Court has

ultimate authority to approve or disapprove any award of Attorneys' Fees.  If the application to

the Court seeking Attorneys' Fees by or on behalf of Named Plaintiff or Named Plaintiff's

Counsel requests Attorneys' Fees in an amount greater than $295,000, Terminix may, in its sole

discretion, object to all or any part of such application in such filings made with the Court as it

deems appropriate.  Because this Settlement is for the benefit of the Settlement Class, however,

the Parties further agree that any downward adjustment in Attorneys' Fees that may be ordered

by the Court, or the amount of Attorneys' Fees ultimately awarded to Named Plaintiffs' Counsel,

will not be a basis or reason for terminating the Settlement under any provision hereof.

8.2     All Attorneys' Fees paid pursuant to this Agreement shall be paid to Morgan &

Morgan Complex Litigation Group.  This Agreement does not entitle any Person, including any

predecessor, successor, subsidiary, parent, or affiliate of Morgan & Morgan Complex Litigation

Group, to any payment of attorneys' fees, costs, or expenses from Terminix in connection with

this Action.

8.3     Notwithstanding any other provision of this Agreement to the contrary, the

procedure for and the allowance or disallowance (in whole or in part) by the Court of Attorneys'

Fees are to be considered by the Court separately from its consideration of the fairness,

reasonableness, and adequacy of the Agreement.

8.4     Terminix shall pay Attorneys' Fees authorized by the Court by a signed and dated

order on the later of the following dates: (a) twenty-eight (28) days after the Effective Date, or

(b) twenty-eight (28) days after the date on which the Court enters a signed order awarding the Attorneys' Fees.

## IX.   IMPLEMENTATION OF THE SETTLEMENT

Upon execution hereof by all Parties, the Parties will respectively undertake the following actions to implement and obtain approval of the Settlement:

9.1   ***Use of Reasonable Efforts.***   Named Plaintiff, Named Plaintiff's Counsel, Terminix, and Terminix's Counsel will use reasonable efforts to obtain the entry of the Preliminary Approval Order, Final Approval of this Settlement, and the entry of a Final Judgment and Order that dismisses this Action and binds the Named Plaintiff and all Settlement Class Members.  Named Plaintiff and Named Plaintiff's Counsel will cooperate fully and completely with Terminix with respect to any and all appeals, including of the Final Judgment and Order, and in obtaining the dismissal of any and all subsequent Suits against the Released Parties asserting Released Claims.  Terminix's Counsel and Named Plaintiff's Counsel agree to cooperate to draft and execute any additional documents to effectuate the terms of this Settlement and to adjust the case schedule and deadlines in the Action pursuant to the terms hereof as may be reasonably requested by Terminix's Counsel.

9.2   ***Jurisdiction for Approval of Settlement.***   The filing and approval of this Settlement shall occur in the United States District Court for the Southern District of Florida.

9.3   ***Preliminary Approval.***   As soon as practicable after execution of this Agreement, Named Plaintiff's Counsel shall move the Court, pursuant to Federal Rules of Civil Procedure 23(e) and 23(g), for (1) preliminary approval of the Settlement, including entry of an order identical in all material respects to the form of the Preliminary Approval Order attached hereto as Exhibit A-2, (2) preliminary appointment of class representatives and class counsel, and (3) for

purposes of this Settlement only, preliminary and conditional certification of the following

settlement class (the "Settlement Class"):

> All Persons who received an autodialed payment and/or debt-collection call
> within the United States to their cellular telephone number from Terminix or
> some person on its behalf on or after August 22, 2012 through the date of the
> Court's Preliminary Approval Order without providing consent to receive such
> calls who are on the Class List.

9.4     Counsel for the Parties will take all appropriate steps to obtain the entry of a

Preliminary Approval Order that (1) appoints Named Plaintiff's Counsel as counsel representing

the Class and all Class Members; (2) conditionally certifies the Class for purposes of this

Settlement only; (3) preliminarily approves this Agreement and determines the Settlement to be

sufficiently fair, reasonable, and adequate as to allow notice to be disseminated to the Class;

(4) approves the Class Notice; (5) schedules a Fairness Hearing to determine, after such notice to

the Class, whether this Settlement should be finally approved as fair, reasonable, and adequate;

and (6) preliminarily bars and enjoins all Class Members, or any of them, from commencing,

prosecuting, participating in or continuing the prosecution of any Suit asserting any of the

Claims released in this Settlement in any capacity against the Released Parties, pending the final

determination of whether this Settlement should be approved by the Court.  The Preliminary

Approval Order will remain in effect until (1) the Effective Date occurs, (2) the Court enters an

order declaring this Settlement terminated and no longer binding, or (3) Terminix terminates the

Settlement under Paragraph 13.2.

9.5     ***Basis for Certification of Settlement Class***.  Named Plaintiff's motions for

preliminary and final approval will seek certification of the Settlement Class under Rule

23(b)(3).

9.6     Any certification of the Settlement Class hereunder, or otherwise, shall not constitute and shall not be construed (in this Action or in any other Suit) as an admission on the part of Terminix, or as the basis of a finding, or as evidence, that this Action or any other proposed or certified class action is appropriate for class treatment in a contested certification proceeding.  This Agreement is without prejudice to the rights of Terminix to oppose (1) any requests for class certification in this Action should this Agreement be terminated or fail to be approved or implemented for any reason, or (2) any requests for class certification in any Suit involving a proposed or certified class action.

9.7     If this Agreement is not approved, does not become effective, or if it is terminated or fails to be implemented for any reason, any certification, either preliminary or final, of the Class or of any other alleged class shall be deemed null and void *ab initio* and without force or effect.

9.8     ***Identification of Class Members for Inclusion on the Class List.***  The following process shall be used to determine which Persons will be included on the Class List.  First, Terminix shall provide the Settlement Administrator with a list identifying each unique cellular telephone number that received an autodialed or prerecorded payment or debt-collection call from Terminix or some Person acting on Terminix's behalf from August 22, 2012 through the date of the Court's Preliminary Approval Order for which Terminix's records contain a "wrong number" indication, together with the date on which that wrong number indication first appeared in Terminix's records (the "Terminix List").  Second, the Settlement Administrator will utilize reverse look-up directories to identify the names and addresses of individuals assigned to each cellular telephone number on the Terminix List on or around the date reflected on the Terminix List.  If the reverse look-up directory process indicates that the last name of the individual

13

assigned to the phone number on the Terminix List is an exact or near match to the last name of the individual assigned to that number on the appropriate reverse directory, the Settlement Administrator will not include that individual on the Class List.  The Class List will therefore include only those individuals (1) assigned to cellular telephone numbers that appear on the Terminix List for which the reverse look-up directory provided matches and (2) whose last names are not exact or near matches to the last name of the individual(s) assigned to those numbers on the Terminix List.  The Settlement Administrator shall have the sole discretion to determine what constitutes a near match and will use its best judgment to make such determinations.

9.9     ***Methods of Notifying Potential Class Members.***  No later than sixty (60) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall notify the potential Class Members included on the Class List of the Settlement.  The Settlement Administrator shall send by postcard via the United States Postal Service the Class Notice and Claim Form to each individual on the Class List.  To increase the accuracy of the mailing information, the Settlement Administrator shall run the names and addresses on the Class List through the National Change of Address database.  The Settlement Administrator may distribute the Class Notice and Claim Form using any bulk rate or pre-sorted mail rate made available by the United States Postal Service.  The Settlement Administrator will make available on an Internet website copies of the following items: (1) all court papers filed by the Parties; (2) the Class Notice; (3) this Agreement; and (4) the Preliminary Approval Order.  The Settlement Administrator will make available to Class Members, upon request received by mail at a mailing address to be identified in the Class Notice, copies of the following items: (1) all court papers

filed by the Parties; (2) the Class Notice; (3) this Agreement; and (4) the Preliminary Approval Order.

9.10    Neither Named Plaintiff's Counsel nor Terminix's Counsel may communicate with any potential or actual Class Member regarding this Settlement without receiving prior approval from Terminix's Counsel or Named Plaintiff's Counsel, respectively.  If prior approval is not granted by Named Plaintiff's Counsel or Terminix's Counsel (as applicable), the party seeking to communicate with the potential or actual Class Member may petition the Court, with the other party having the right to have their input be considered, as to both the fact and the content of the proposed communication to the Class.  Any communication with potential or actual Class Members pursuant to this Paragraph shall be disseminated to those persons by Terminix or its authorized agent, provided, however, that the party or counsel seeking to communicate with a potential or actual Class Member pursuant to this Paragraph shall bear the full costs of such communication.  Notwithstanding anything in this Paragraph to the contrary, Named Plaintiff's Counsel and Terminix's Counsel need not obtain prior approval from any source for (1) any communications initiated by a potential or actual Class Member, or (2) the delivery of the documents required pursuant to Paragraph 8.8.  For the avoidance of doubt, if a potential or actual Class Member initiates a communication with Terminix's Counsel, Terminix and/or Terminix's Counsel shall be entitled, without the need for prior approval from Named Plaintiff's Counsel or the Court, to respond to that person's communication by any means whatsoever, including by email or any other cost-effective means of communication.  Likewise, for the avoidance of doubt, if a potential or actual Class Member initiates a communication with Named Plaintiff's Counsel, Named Plaintiff's Counsel shall be entitled, without the need for prior approval from Terminix's Counsel or the Court, to respond to that person's communication

by any means whatsoever.  Notwithstanding anything in this Paragraph to the contrary, Terminix and/or its affiliates shall be free to communicate in any manner with potential or actual Class Members in the normal course of Terminix's business, so long as such communication is not related to the Settlement.

9.11    Neither Terminix's Counsel nor Named Plaintiff's Counsel shall initiate or undertake any action whatsoever that is reasonably designed to affect any Settlement Class Member's decision-making process regarding whether or not to submit a Claim Form.

9.12    At least seven (7) days prior to the Fairness Hearing, the Settlement Administrator will provide Terminix's Counsel and Named Plaintiffs' Counsel and the Court with a declaration from a competent declarant stating that the Class Notice has occurred.

9.13    ***Exclusions from the Settlement Class.***  Any Class Member may request exclusion from the Settlement Class.  Any Class Member who would like to request exclusion from the Settlement Class must make the request in accordance with the procedures and requirements set forth in the Preliminary Approval Order and the Class Notice.  Within ten (10) days after expiration of the deadline for Class Members to request exclusion from the Settlement Class, Named Plaintiff's Counsel shall furnish the Opt-Out List to Terminix's Counsel. Exclusions may not be submitted on behalf of a putative class or subclass of similarly situated Class Members.  Terminix's Counsel and Named Plaintiff's Counsel shall take no affirmative action to encourage Class Members to exclude themselves from the Settlement Class.

9.14    ***Written Objections to the Settlement.***  Any Settlement Class Member may present written objections explaining why the Settlement should not be approved as fair, reasonable, or adequate, or why Attorneys' Fees should not be awarded to Named Plaintiff's Counsel in the amount or in the manner set forth herein.  The requirements for filing an objection

shall be as set forth in the Preliminary Approval Order.  Objections may not be submitted on behalf of a putative class or subclass of similarly situated Class Members.  Terminix's Counsel and Named Plaintiff's Counsel shall take no affirmative action to encourage Class Members to object to the Settlement.

   9.15 **_Final Judgment and Order._** On the schedule directed by the Court, Named Plaintiff's Counsel will move, pursuant to Rule 23(e) and 23(g), for (1) final approval of the Settlement, (2) final appointment of the class representatives and class counsel, and (3) final certification of the Settlement Class.  This Final Judgment and Order shall, among other things, permanently foreclose and bar all Released Claims (including Claims for additional recovery, penalties, interest, attorneys' fees, costs, and expenses) and all other Claims that any Settlement Class Members have alleged or could have alleged in connection with this Action.

   9.16 **_Retention of Jurisdiction._** The parties shall request that the Court retain jurisdiction of this matter for a period of six months following the Effective Date to enter such orders as are necessary or appropriate to effectuate the terms, administration, purposes, and intent of this Settlement.

## X. CLAIMS PROCESS

   10.1 A Settlement Class Member shall be entitled to Settlement Compensation only if he or she submits a timely and valid Claim Form.

   10.2 **_Timeliness Requirement._** Settlement Class Members shall have ninety (90) days from the date that the Class Notice is mailed to return the Claim Form.  Settlement Class Members who do not submit a timely Claim Form shall not be entitled to receive any Settlement Compensation.

   10.3 **_Validity Requirement._** The Settlement Administrator will review and determine the validity of claim forms.  The Settlement Administrator will only deem a claim form to be

valid if the claim form is complete and the information provided on the claim forms is consistent with information available to the Settlement Administrator, including information from Terminix's records.

10.4    ***Claims Report.***  Within forty-five (45) days after the deadline for submitting Claim Forms, the Settlement Administrator shall provide counsel for the Parties with a report that provides the total number of individuals with valid claims.

10.5    ***Payment for Valid Claims.***  Within thirty (30) days of receiving the report provided pursuant to Paragraph 10.4, Terminix will provide the Settlement Administrator with funds sufficient to cover payment of $60 per valid claim.

10.6    ***Issuance of Settlement Compensation.***  Within thirty (30) days of receiving payment from Terminix, the Settlement Administrator shall send a check in the amount of $60 to each Claimant.

10.7    ***Deadline for Cashing Checks***.  Settlement Class Members shall have 180 days from the date a check is issued for Settlement Compensation to cash the check.

10.8    Defendant will specifically inform Settlement Class Members who submitted timely and valid claims, on the face of the checks sent to such Settlement Class Members, that the checks provided pursuant to this paragraph must be cashed within 180 days from the check was issued or they will become void and any value associated with them (after applicable costs) will be distributed to a *cy pres* recipient.  If 180 days after the date on which the checks provided in this paragraph were issued, a Settlement Class Member who submitted a timely and valid claim has not cashed his or her check, the parties agree that the Settlement Class Member will be deemed to have declined or forfeited his or her entitlement to the Settlement Compensation under this Agreement and that Terminix will have no obligation to pay Settlement Compensation

to such Settlement Class Member.  The uncashed check of Settlement Class Members deemed to have declined or forfeited their entitlement to a cash benefit shall become void and any value associated with them (after applicable costs) will be distributed to the following *cy pres* recipient: Florida Bar Foundation.  Subject to Court approval, the Defendant will have no obligation under this Agreement or any applicable law to distribute the uncashed proceeds of any checks sent to Settlement Class Members, to any Class Member, Named Plaintiffs' Counsel, government entity, nonprofit organization, foundation, support project, or other person or entity under any otherwise applicable escheat provision or similar legal requirement.

## XI.    SETTLEMENT ADMINISTRATION.

11.1    The Settlement Administrator shall administer the Settlement consistent with this Agreement, subject to the supervision of counsel for the Parties and with the supervision of the Court as circumstances may require.

11.2    The Parties and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to:

(a)    any act, omission, or determination of the Settlement Administrator, other Parties or their counsel, or designees or agents of other Parties or their counsel or the Settlement Administrator; or

(b)    any act, omission or determination of another party's counsel or their designees or agents in connection with the administration of the Settlement.

11.3    The Settlement Administrator shall provide such information as may be reasonably requested by Terminix's Counsel or Named Plaintiff's Counsel to implement and facilitate their performance under this Agreement.

11.4    Terminix shall pay all Administration Costs.

## XII.   RELEASE AND DISMISSAL OF CLAIMS

12.1     Upon the Effective Date, the Settlement Class Members, on behalf of themselves, their predecessors, successors, assigns, beneficiaries, and additional insureds, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished and discharged, and shall be forever enjoined from the prosecution of all claims, known and unknown, that they may have against Terminix and its affiliates and agents, as well as The ServiceMaster Company LLC and all of its affiliates, subsidiaries and agents, through the date of preliminary approval, under the TCPA, any comparable TCPA-like statutes of any state, and any other federal or state statutory or common law, and for relief under any equitable theory, or for prospective or retrospective relief that could have been asserted based on or relating to the conduct alleged in the Complaint.

12.2     In consideration of the benefits described herein, Named Plaintiff agrees, and each Settlement Class Member shall be deemed to have agreed, to the dismissal with prejudice of this Action.

## XIII.  ENFORCEMENT AND TERMINATION

13.1     Upon any alleged material breach by one of the Parties of its obligations hereunder, the Party or Class Member asserting a breach may, after giving the Parties reasonably specific notice of the alleged material breach, and allowing a period of no less than forty-five (45) days for the breaching Party to correct the alleged breach, seek an order from the Court finding that the breaching Party is in fact in material breach of its commitments hereunder.  In the event the Court makes a finding of material breach, the Court shall direct the breaching Party to come into compliance with this Agreement within forty-five (45) days or such other period of time that the Court deems appropriate.  In seeking such an order from the Court, the Party or

20

Class Member asserting a breach must not oppose any request by the breaching Party to be allowed a fair opportunity to present evidence and argument to the Court.

13.2     Terminix will have the option to terminate this Settlement, in its sole discretion, if the number of requests for exclusion from the Settlement exceeds two percent (2%) of the individuals on the Class List.  Terminix will have thirty (30) days from its receipt of the final Opt-Out List in which to exercise, in its sole discretion, this right to terminate.  In addition, this Agreement may also be terminated by Terminix, in its sole discretion, in the event that any of the following occur: (1) a motion seeking preliminary approval or final approval of this Settlement is denied or is granted but later reversed on appeal; (2) the entry of the Final Judgment and Order is reversed on appeal; (3) the Court modifies this Agreement or fails to enforce any provision hereof, except as expressly provided below; or (4) any federal or state authorities object to or request material modifications to the Agreement.  Notwithstanding the foregoing, any downward modification of the Final Judgment and Order either by the Court or on appeal regarding the amount of Attorneys' Fees to be awarded to Named Plaintiff's Counsel, or any Service Award awarded to Named Plaintiff, shall not give Terminix, Named Plaintiff, Class Members, or Named Plaintiff's Counsel the option to terminate this Agreement.  Any termination pursuant to this Paragraph shall be accomplished by filing with the Court a notice of termination, which shall be served on Named Plaintiff's Counsel.  Upon the filing of such a termination notice, this Settlement and Agreement shall be deemed to be terminated.

13.3     Notwithstanding any termination of this Agreement, Paragraphs 4.2, 4.3, 9.6, 9.7, 13.3, 14.4, 14.7, 14.12, 14.17, 14.19, 14.20, 14.21, 14.22, 14.23, and 14.24 (and the defined terms used therein) shall remain in full force and effect.  In the event this Settlement is terminated before the Effective Date for any reason, all other provisions of this Agreement, and

the Settlement itself, shall be deemed null and void *ab initio* and without force or effect.  In such

event, this Agreement shall not be offered in evidence or used in this or any other Suit for any

purpose, including the existence, suitability for certification, or maintenance of any purported

class.  In such event, this Agreement and all negotiations, statements, proceedings, and

documents prepared in connection herewith (including all legal briefs and exhibits thereto) shall

not be deemed or construed to be an admission or confession by any party of any fact, matter, or

proposition of law and shall not be offered by anyone adverse to Terminix for any purpose

whatsoever in any Suit.  In the event of such termination, all Parties to this Action shall stand in

the same position as if this Agreement had not been negotiated, signed, or filed with the Court,

except as expressly provided in this Paragraph.

## XIV.  MISCELLANEOUS PROVISIONS

14.1    ***Entire Agreement.***  This Agreement, including all Exhibits attached hereto and

hereby incorporated by reference, shall supersede any previous agreements or understandings

between the Parties with respect to this Action.  This Agreement is the entire agreement of the

Parties with respect to this Action and may not be changed, modified, or amended except as

expressly set forth in Paragraph 14.2.

14.2    ***Modification by Writing Only***.  This Agreement may be amended or modified

only by a written instrument, signed by both Named Plaintiff's Counsel and Terminix's Counsel.

The Agreement, as modified or amended under this Paragraph 14.2, is subject to Court approval

before the Effective Date.

14.3    ***Expenses.***  Except as otherwise expressly set forth herein, each party hereto will

pay all costs and expenses incident to its negotiation and preparation hereof and to its

performance and compliance with all agreements and conditions contained herein on its part to

be performed or complied with, including the fees, expenses, and disbursements of its counsel,

independent public accountants, and other advisors, whether or not the Final Judgment and Order shall have been entered by the Court.  Nothing herein shall require Terminix or any Released Party to pay out or expend any monies other than as expressly provided herein.

      14.4   *Invalidity or Unenforceability of Provisions.*  In the event that any one or more of the provisions contained herein shall for any reason be held in whole or in part to be invalid or unenforceable in any respect by any federal, state, administrative, judicial, arbitral, or other forum, bar association, or committee of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof if the Parties hereto agree in writing to proceed as if such invalid or unenforceable provision had never been included herein.  Absent such agreement, this Agreement shall be terminated.

      14.5   *Amount Paid Not a Penalty*.  No consideration or amount or sum paid, credited, offered, or expended by Terminix in the performance hereof constitutes a penalty, fine, punitive damages, or other form of penalty for any alleged Claim or offense.

      14.6   *Agreement Mutually Prepared; Construction.*  This Agreement shall be deemed to have been mutually prepared by the Parties and shall not be construed against any one of them by reason of authorship.  Accordingly, no party hereto shall be considered the drafter of any of its provisions for the purpose of any statutes, case law, or rule of interpretation or construction that might otherwise cause any provision or Paragraph hereof to be construed against its purported drafter.  Otherwise, this Agreement shall be construed in accordance with the four corners of the agreement and otherwise in accordance with the contract construction rules applicable to contracts made within the State of Florida.  References in this Agreement to: (1) "herein," "hereto," "herewith," and "hereunder" shall refer to this Agreement as a whole; (2) any Paragraph or section shall be to a Paragraph or section hereof, unless otherwise specified; (3)

Exhibits shall refer to Exhibits attached hereto; and (4) "including" shall be deemed to be immediately followed by "without limitation." The preamble is hereby incorporated herein by reference.

14.7    **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  For purposes hereof, a facsimile signature shall be deemed an original.

14.8    **Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties, Terminix, the Named Plaintiff, the Class Members, Named Plaintiff's Counsel, and their representatives, heirs, predecessors, successors, affiliates, and assigns.  The Parties expressly agree that the terms hereof, including all promises and covenants stated herein, are contractual and shall survive the execution hereof and entry of the Final Judgment and Order and shall continue in full force and effect thereafter in accordance with their terms.

14.9    **Headings.**  The headings and subheadings (if applicable) hereof are included for convenience only and shall not be deemed to constitute part hereof or to affect its construction.

14.10   **Waiver.**  Any party may waive rights belonging to it hereunder or defaults or breaches hereof committed by the opposing party.  No waiver by any party of any provision hereof or any default or breach hereunder, whether intentional or not, shall be valid, however, unless the same shall be in writing and signed by the party making such waiver.  Nor shall such waiver be deemed to extend to any prior or subsequent default or breach hereunder or affect in any way any rights arising by virtue of any prior or subsequent such default or breach.

14.11   **Full Authority.**  All counsel executing this Agreement or any related documents warrant and represent that they have full authority to do so and that they have the authority to

make binding commitments in regards to the actions required or permitted to be taken hereunder in order to effectuate its terms.

14.12   ***Receipt of Advice of Counsel.***   The Parties acknowledge, agree, and specifically warrant to each other that they have fully read this Agreement, received independent legal, tax, and financial advice with respect to the advisability of entering into it and with respect to the legal effect hereof.  The Parties further acknowledge, agree, and specifically warrant that they fully understand the legal effect hereof.

14.13   ***Opportunity to Investigate.***   The Parties acknowledge, agree, and specifically warrant to each other that they and their counsel have had adequate opportunity to make whatever investigation and inquiries are deemed necessary or desirable concerning the subject matter of the Settlement and the advisability of entering into this Agreement.  The Parties further agree that Named Plaintiff's Counsel have sufficient information to date, through discovery or otherwise, to allow them to determine that the Settlement is in the best interests of the Class, and no further information, through discovery or otherwise, is necessary or will be sought in connection with the Settlement.

14.14   ***Good Faith Settlement.***   The Parties acknowledge, agree, and specifically warrant to each other that they are entering into this Agreement freely, without duress, in good faith, free of collusion, and at arm's length.  The benefits, procedures and offers set forth in this Agreement constitute the entire consideration provided to the Class under this Agreement and are agreed by all Parties to constitute fair, reasonable, and adequate consideration for the Releases and the other agreements and obligations of the Class reflected in this Agreement.  Neither Terminix nor any of the Released Parties shall have any obligations to any Class Members with respect to the Released Claims, except as expressly provided for in this Agreement.

14.15   *Unknown Claims.*   The Parties acknowledge, agree, and specifically warrant to each other that they are familiar with California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him must have materially affected his or her settlement with the debtor.

Being aware of California Civil Code Section 1542, all Parties releasing Claims hereby expressly waive any and all rights they may have under this law and under any other federal or state law of similar effect with respect to the matters released herein.

14.16   *Notices.*   Unless otherwise provided herein, any notice, request, waiver, instruction, application for Court approval, application for Court order sought in connection herewith, or other document to be given by any party or to the other party shall be in writing and delivered personally or sent by registered or certified mail, postage pre-paid, with copies by facsimile or by email (with read receipt) to the attention of Named Plaintiff's Counsel or Terminix's Counsel (as well as to any other recipients that a court may specify), or if applicable via use of the e-filing and e-service system for the United States District Court for the Southern District of Florida.  As of the date hereof, the respective representatives are as follows:

|  |  |
|---|---|
| For Terminix: | **Rachel B. Niewoehner**<br>Harrison Law LLC<br>1 North LaSalle Street, Suite 2001<br>Chicago, IL 60602<br>rachelniewoehner@hlawllc.com<br>Facsimile: (312) 638-8793 |
| For Plaintiff: | **Jonathan Cohen**<br>Morgan & Morgan Complex Litigation Group<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>jcohen@ForThePeople.com<br>Facsimile: (813) 222-2434 |

14.17   *Extensions of Time.*   The Parties may agree, subject to the approval of a court where required, to reasonable extensions of time to carry out the provisions hereof.

14.18   *No Beneficiaries.*   No portion hereof shall provide any rights to, or be enforceable by, any Person other than Named Plaintiff, the Class Members, Named Plaintiff's Counsel, or the Released Parties.  No third-party beneficiaries are created or intended to be created hereby.  No Class Member may assign or otherwise convey any right to enforce any provisions hereof.

14.19   *Preservation of Privilege.*   Nothing contained herein or in any order of a court, and no act required to be performed pursuant hereto or any order of a court, is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney–client privilege, work-product protection, or common-interest/joint-defense privilege.

14.20   *No Public Announcement.*   Except as expressly provided in this Paragraph 14.20, none of the Named Plaintiff, Named Plaintiff's Counsel, or Terminix shall, without prior written approval, make any press release or other public announcement concerning this Agreement, except as and to the extent that any such party shall be so obligated by law, in which case the other party shall be advised and the Parties shall use their reasonable efforts to cause a mutually agreeable release or announcement to be issued; provided, however, that the foregoing shall not apply to communications or disclosures necessary for a party to meet its obligations hereunder or to comply with the accounting and/or the Securities and Exchange Commission disclosure provisions or the rules of any stock exchange.  This Paragraph does not prohibit Named Plaintiff's Counsel from disclosing on its website, starting not sooner than the end of the deadline for the submission of Claim Forms, that Named Plaintiff's Counsel successfully settled a nationwide class action against a national service contract company involving more than ten

thousand consumers, provided that Named Plaintiff's Counsel may not state or provide information sufficient to identify the name of any Released Party in such disclosure.

14.21   ***Confidentiality and Return of Documents.***   With respect to all information and documents obtained by, through, or from Terminix, through formal and informal discovery, Named Plaintiff's Counsel and Named Plaintiff represent that they have not shared such information with any individuals or third Parties, other than the Named Plaintiff, Named Plaintiff's Counsel's own legal and support staff and retained experts, and the Mediator.  This Agreement shall remain confidential until the motion for preliminary approval of this Settlement is presented pursuant to Paragraph 9.3, at which point the fact and terms of this Agreement shall become a matter of public record.  All information related to this Action including that reflected in Named Plaintiff's Counsel's files shall be maintained in the strictest confidence to be used only in carrying out the express terms hereof.  Within forty-five (45) days of the Effective Date, the Named Plaintiff and Named Plaintiff's Counsel will return to Terminix any and all documents, data, and other materials provided by Terminix in their files, including all copies thereof.  Upon satisfaction of this duty and responsibility, Named Plaintiff's Counsel will certify in writing that all such data, documents, and materials, and all copies thereof, have been returned.  This Paragraph shall not operate to prohibit: (1) disclosures by Named Plaintiff and/or Named Plaintiff's Counsel that, after reasonable notice to Terminix, are legally required to respond to legal processes or requests from government agencies, nor of any legally required disclosure not specified herein; (2) disclosures to the Named Plaintiff and Named Plaintiff's Counsel's fiduciaries, insurers, personal attorneys, or financial representatives, provided an express agreement to maintain the confidentiality of such information is in place and being

adhered to; and (3) Named Plaintiff's Counsel from filing all documents necessary to obtain

approval and confirmation of the Settlement and/or to enforce the Settlement as provided herein.

14.22   ***Confidentiality of Terminix Proprietary Information.***  Information regarding the

identity, including without limitation the names, addresses, telephone numbers, and email

addresses, of Class Members (the "Compilation of Class Members") is and shall remain at all

times confidential, proprietary information and trade secrets of Terminix.  Notwithstanding

anything herein to the contrary, Terminix has no obligations to provide the Compilation of Class

Members to Named Plaintiff's Counsel, the Court, or any other third-party, except that Terminix

may provide (1) to the Settlement Administrator in connection with creating the Class List the

Compilation of Class Members, and (2) to the Court in connection with the Fairness Hearing a

list of the Class Members who validly excluded themselves from this Settlement pursuant to

Paragraph 8.11.

14.23   ***Governing Law.***  This Agreement shall be governed by and construed in

accordance with the domestic laws of the state of Florida without giving effect to any choice or

conflict of law provision or rule (whether of the state of Florida or any other jurisdiction) that

would cause the application of the laws of any jurisdiction other than the state of Florida.

14.24   ***Defamation***.  The Named Plaintiff and Named Plaintiff's Counsel agree that they

(1) will not make any false statements of fact in any way concerning the Released Parties; and

(2) will not make any statements to third Persons that could constitute slander or libel, or which

would have a tendency to subject to ridicule or disparagement the Released Parties, their

affiliates, their business operations, or their officers, directors, or employees.

IN WITNESS WHEREOF, Named Plaintiff and Terminix have executed this Settlement

Agreement and Release on this 12th day of July 2017.

_____
Jonathan Cohen

On behalf of the Named Plaintiff,
the Class, and
Morgan & Morgan Complex Litigation Group

_____
Rachel B. Niewoehner

On behalf of Terminix

_____
Tomorrow Black–Brown

_____
TERMINIX

By: _____

Its: _____

IN WITNESS WHEREOF, Named Plaintiff and Terminix have executed this Settlement

Agreement and Release on this 12th day of July 2017.

_____
Jonathan Cohen

Rachel B. Niewoehner

On behalf of the Named Plaintiff,
the Class, and
Morgan & Morgan Complex Litigation Group

On behalf of Terminix

_____
Tomorrow Black–Brown

TERMINIX

By: _____

Its: _____

30