IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-23607-AOR
[CONSENT CASE]

TOMORROW BLACK-BROWN )
on behalf of herself and all others similarly )
situated, )
 )
    Plaintiff, )
 )
vs. )
 )
TERMINIX INTERNATIONAL COMPANY )
LIMITED PARTNERSHIP, )
 )
    Defendant. )

## FINAL JUDGMENT AND ORDER

This matter coming to be heard on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter,

**IT IS HEREBY ORDERED THAT:**

1.    All capitalized terms in this Final Judgment and Order shall have the same meaning as ascribed to them in the Settlement Agreement and Release ("Settlement Agreement"), [DE 50-2], unless otherwise noted.

1

2. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated July 28, 2017, [DE 59], and adequate notice was given to all Members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and exhibits thereto and supporting declarations. No objections were filed with the Clerk of the Court by Class Members.

5. The Court held a Fairness Hearing on February 23, 2018, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Fairness Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The Court further finds the Settlement Agreement was entered into in good faith following arms' length negotiations and is non-collusive.

7. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All Persons who received an autodialed payment and/or debt-collection call in the United States to their cellular telephone number from Terminix or some person on its behalf on or after August 22, 2012 through July 28, 2017 without providing consent to receive such calls who are on the Class List.

8. Excluded from the Settlement Class are the Defendant, its parents, subsidiaries, affiliates, officers, directors, and employees; and any judge, mediator, or arbitrator who has jurisdiction over or will serve in connection with this matter now or in the future, and any member of the family or staff of any such judge, mediator, or arbitrator; and those who filed timely and valid requests for exclusion from the Class pursuant to this Court's orders.

9. No Member of the Class sought exclusion from the Settlement Class.

10. For settlement purposes only, Plaintiff Tomorrow Black-Brown is hereby appointed as the Class Representative.

11. For settlement purposes only, Jonathan Cohen, John Yanchunis, and Morgan & Morgan Complex Litigation Group are appointed as the Class Counsel.

12. With respect to the Settlement Class, this Court finds for settlement purposes only that the Settlement Class is so numerous that joinder of all Members is not practicable, there are questions of law and fact common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Members, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

13. The Court has determined that the Class Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully, fairly and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, applicable law, and Due Process.

14. The Court finds that Terminix properly and timely notified the appropriate state and federal officials of the Settlement Agreement pursuant to 28 U.S.C. § 1715. The Court has reviewed the substance of Teminix's notices and accompanying materials, and finds that they complied with all applicable requirements of 28 U.S.C. § 1715.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

16. The Court adjudges that the Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, as defined by the Settlement Agreement.

17. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The

Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of California Civil Code § 1542 and any other applicable federal or state statute, case law, rule, or regulation relating to limitations on releases.

18. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Judgment and Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Plaintiff and Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against anyone.

20. All funds (after applicable costs) from checks issued to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within 180 days of issuance shall be distributed to the following organization pursuant to the terms of the Settlement Agreement: the Florida Bar Foundation.

21. The Court awards Class Counsel $295,000.00 for attorneys' fees, costs and expenses as fair and reasonable under the facts and circumstances of this case, and for a service award in the amount of $5,000 to the Class Representative.

22. In the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, this Final Judgment and Order shall be rendered null and void and shall be vacated, except to the extent provided by, and in accordance with, the Settlement Agreement; provided further, that in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

23. Neither this Final Judgment and Order nor the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement, including any of the negotiations or proceedings connected with it: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendant; or (2) is or may be deemed to be or used as an admission of, or evidence of, any fault or omissions of the Defendant in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Agreement or the Settlement provided therein, or this Judgment, except that Defendant may file the Agreement, this Judgment, or any other document filed of record in this Action in any action or proceeding that has been brought or may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or the other, as to the merits of the claims or defenses of Plaintiff, the Class Members, or Terminix.

24. There were no objections to the Settlement Agreement. The Court finds that no reason exists for delay in entering this Final Judgment and Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Judgment and Order.

25. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement), so long as they are consistent in all material respects with the Final Judgment and Order and do not limit the rights of the Class Members.

26. Except as expressly provided in the Settlement Agreement, each of the Parties, including each Class Member, shall bear his/her/its own attorneys' fees, costs and expenses.

27. Plaintiff's Motion for Final Approval of Class Action Settlement [DE 64] and Plaintiff's Motion for Approval of Attorneys' Fees and Service Award to Plaintiff as a Class Representative [DE 63], are **GRANTED**.

28. This Action is **DISMISSED WITH PREJUDICE**; however, the Court retains jurisdiction for a period of six (6) months from today's date to enforce the terms of the Settlement Agreement.

29. The Clerk of Court is instructed to **CLOSE** this case.

DONE AND ORDERED in chambers at Miami, Florida this 23rd day of February, 2018.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record